UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GEORGE W. BUFORD, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Nos.   3:01-CR-102-CLC-HBG-1 |
| | )            3:16-CV-390-CLC |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 160, 161, 166, 168, 176].[1] He bases his request for collateral relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 1, 2016 [Doc. 169]; Petitioner replied in turn on August 29, 2016 [Doc. 174]. Also before the Court are Petitioner's pro se motions for a writ "ad prosequendum" [Doc. 167], to correct the Presentence Investigation Report (PSR) [Docs. 172, 173], and for a status update [Doc. 177]. For the reasons below, Petitioner's motions to correct the PSR [Docs. 172, 173] will be

---

[1]     On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). After receiving notice of a conflict of interest, this Court appointed substitute CJA counsel to fulfill FDSET's duties under the Standing Order [Docs. 158, 159]. Petitioner filed the original pro se petition on June 20, 2016 [Doc. 160] and, consistent with his obligations under the Standing Order, CJA counsel filed a supplement in support of *Johnson*-based collateral relief on June 26, 2016 [Doc. 161]. Over the next seven months, Petitioner field three pro se supplements—each elaborating on his *Johnson*-based theories of collateral attack [Docs. 166, 168, 176].

**DENIED** and his supplemented § 2255 motion [Docs. 160, 161, 166, 168, 176] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's requests for a writ "ad prosequendum" and status update [Docs. 167, 177] will be **DENIED as moot**.

I. BACKGROUND

In 1998, Petitioner robbed six convenience stores and fast food restaurants in Knoxville, Tennessee. *United States v. Buford*, 106 F. App'x 400, 401 (6th Cir. 2004). In 2002, a jury convicted Petitioner of six counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, four counts of using and carrying a firearm in relation to those robberies, in violation of 18 U.S.C. § 924(c), and one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). *Id.*

Although the indictment and superseding indictment charged Petitioner with possessing a firearm as a felon, in violation of both 18 U.S.C. §§ 922(g) and § 924(e), he was never classified as an armed career criminal under § 924(e) or sentenced accordingly [PSR ¶ 119 (describing the maximum term of imprisonment for that count as ten years' imprisonment, rather than the fifteen-year mandatory minimum that would have applied had Petitioner been an armed career criminal)]. Instead, when calculating the applicable Guidelines range, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [*Id.* ¶ 82] based on prior convictions for kidnapping and aggravated sexual battery [*Id.* ¶ 88] and aggravated assault [*Id.* ¶ 89]. The corresponding Guideline range was 210 to 262 months' imprisonment, to be followed by the statutorily mandated consecutive terms for each § 924(c) conviction—84 months for the first offense and 300 months for each subsequent offense [*Id.* ¶¶ 119, 120]. Consistent with the foregoing, this Court sentenced Petitioner to an aggregate term of 1,194 months' imprisonment—concurrent 210-month terms for the robberies and a concurrent 120-month term for the § 922(g) offense, followed by the

statutorily-mandated consecutive minimum terms for his four § 924(c) offenses. *Buford*, 106 F. App'x at 401. Petitioner appealed, and the Court of Appeals for the Sixth Circuit affirmed his conviction and sentence in 2004. *Id.*

Petitioner filed an initial motion to vacate, set aside, or correct his sentence in 2005 [Doc. 89]. This Court denied that petition in a Memorandum Opinion and Judgment Order entered on November 21, 2006 [Docs. 94, 95]. Beginning in April of 2007, Petitioner started filing a series of pro se collateral challenges, each of which this Court transferred to the Sixth Circuit as an unauthorized successive § 2255 motion and all of which the Sixth Circuit denied [Docs. 98, 105, 107, 117, 120, 123, 132, 133, 136, 146, 150, 156]. Petitioner also unsuccessfully sought relief under 18 U.S.C. § 2241. *Buford v. Warden, Lewisburg USP*, 588 F. App'x 89 (3rd Cir. 2014).

On June 20, 2016, Petitioner submitted the instant motion seeking collateral relief from his career offender designation and § 924(c) convictions based on the *Johnson* decision [Doc. 160]. Appointed counsel filed a supplement in support of Petitioner's career offender challenge [Doc. 161]. The Sixth Circuit granted leave to consider the successive filing on July 1, 2016 [Doc. 164].

## II. MOTIONS TO CORRECT THE CONTENT OF PETITIONER'S PSR

In addition to the petition, this Court is in possession of Petitioner's motion and amended motion to "correct" the information contained in his PSR [Docs. 172, 173]. In those motions, Petitioner claims he is actually innocent of the sexual battery offense listed in his PSR and argues the Court erred when it relied on that offense for career offender enhancement.

"[D]istrict court[s] [are] allowed to accept as true all factual allegations in a [PSR] to which the defendant does not object." *United States v. Bondurant*, 146 F. App'x 762, 763 (6th Cir. 2005). The proper time for making such an objection is at the original sentencing hearing,

3

and failure to make the objection at that time waives future objections. *United States v. Levy*, 250 F.3d 1015, 1018 (6th Cir. 2001). Because Petitioner did not object to this Court's inclusion of the kidnapping and sexual battery offense in his PSR at the original sentencing hearing, he cannot do so now.

## III. PETITION FOR COLLATERAL RELIEF

### A. Standard of Review

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. ANALYSIS

The supplemented petition contains two theories for collateral relief. In the first, Petitioner argues the Court should vacate his convictions under § 924(c) because the *Johnson* decision removed Hobbs Act robbery from the provision's definition of "crime of violence." In the second, he argues the *Johnson* decision removed aggravated assault and kidnapping from Section 4B1.2's definition of "crime of violence" and that, without those convictions, he lacks sufficient predicates offenses for career offender enhancement. Neither theory justifies collateral relief.

### 1. Validity of § 924(c) Convictions After the *Johnson* Decision

To the extent Petitioner argues the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and the absence of that provision requires vacatur of his convictions under § 924(c)(1)(A), that argument fails because binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, the Hobbs Act robberies remain crimes of violence capable of supporting his convictions under § 924(c)(1)(A).

---

[2] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

### 2. Propriety of Career Offender Designation After the *Johnson* Decision

To the extent Petitioner challenges his career offender designation in light of the *Johnson* decision, that claim fails as a matter of law.[3] On March 6, 2017, the Supreme Court held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). As a result, the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting Petitioner's career offender designation or sentence.

### IV. REMAINING NON-DISPOSITIVE MOTIONS

This Court is also in possession of requests for a writ "ad prosequendum" [Doc. 167] and a status update [Doc. 177]. The former asks the Court to instruct the United States Marshal to bring Petitioner to the Eastern of District of Tennessee pending resolution of his collateral challenge [Doc. 167]. The latter asks the Court to provide Petitioner with an update about the status of his supplemented petition. Both are rendered moot by resolution of § 2255 motion.

### V. CONCLUSION

For the reasons discussed above, Petitioner's motions to correct the PSR [Docs. 172, 173] will be **DENIED** and his supplemented § 2255 motion [Docs. 160, 161, 166, 168, 176] will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's requests for a writ "ad prosequendum" and status update [Docs. 167, 177] will be **DENIED as moot**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally

---

[3] Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    **AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**